WRIGHT, FINLAY & ZAK, LLP
Gwen H. Ribar, Esq. (SBN 188024)
Marvin B. Adviento, Esq. (SBN 240315)
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050
Fax: (949) 608-9142

Attorneys for Defendant, Rushmore Loan Management Services, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOUROSH PARSAPOUR,<br><br>                     Plaintiff,<br>vs.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, ET AL.,<br><br>                    Defendants.<br><br>                    Defendants. | Court Case No.:<br><br>State Court Case No.: YC072875<br><br>**DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1446** |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Rushmore Loan Management Services, LLC ("Rushmore" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes the state court action described below from the Los Angeles County Superior Court, to the United States District Court for the Central District of California, and states as follows:

**I.    STATEMENT OF THE CASE**

On May 11, 2018, Plaintiff Kourosh Parsapour ("Plaintiff") filed a Complaint in the Superior Court of the State of California, for the County of Los

Angeles, entitled *Parsapour v. Rushmore Loan Management Services, LLC, et al.,* Case No. YC072875 ("State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit "A." The Complaint was served on Defendant on May 10, 2018. All other documents on file with the State Court that Defendant Rushmore is aware of are attached hereto as Exhibit "B."

## II. REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

The Action may be removed to the United States District Court, in accordance with 28 U.S.C. §1441(b) since this District Court has original jurisdiction over the State Court Action on the basis of diversity of citizenship pursuant to 12 U.S.C. § 1332. Specifically, the State Court Action is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

### A. Diversity of Citizenship

In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenships must be completely diverse from all the named defendants' citizenships, excluding nominal, fraudulent and/or sham defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806); *see also, Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004). Here, complete diversity exists.

#### 1. Plaintiff's Citizenship

A natural person's citizenship is determined by his or her naturalization to the United States and domicile state at the time of filing (which is the state he or she resides in with the intention to remain or to which he or she intends to return). *Kanter v. Warner—Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). In the present matter, Plaintiff alleges that he is a resident of Los Angeles County in California. Complaint. ¶1, attached hereto as Exhibit "1." Specifically, Plaintiff avers that he occupies the subject property, located in Los Angeles County and maintains his residency there. Complaint, ¶¶1,7. Therefore, Plaintiff is deemed a citizen of the **State of California** for the purposes of diversity citizenship jurisdiction.

2
NOTICE OF REMOVAL
*Parsapour v. Rushmore Loan Management Services, LLC, et al.*

### 2. Defendant Rushmore's Citizenship

Rushmore is a Delaware Limited Liability Company whose sole managing member is Roosevelt Management Corp., a New York corporation. The citizenship of a limited liability company is determined by the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.")  Thus, Rushmore is a citizen of the **State of New York**.

### B. Amount in Controversy

In addition to diversity of citizenship, "the matter in controversy [must] exceed[s] the sum or value of $75,000, exclusive of interest and costs..." 28 U.S.C. §1332(a)(1). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, Plaintiff seeks damages based upon the pending foreclosure of a mortgage loan which is the subject of this litigation. That loan was for the amount of $554,000.00 which exceeds $75,000.00 minimum amount in controversy. Therefore, this Action meets the jurisdictional amount in controversy.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

Here, Rushmore was served with the Complaint on May 10, 2018. The thirtieth day after service was Saturday, June 9, 2018. Therefore, removal is timely. There are no other defendants. Thus, all procedural requirements for removal have been satisfied.

## III. CONCLUSION

Wherefore, the Action is hereby removed from the State Court to this United States District Court, and removing Defendant prays that this District Court proceed, pursuant to 28 U.S.C. §1441, as well as any other relevant and

applicable law, as if this Action had been originally filed in this District Court, and that the proceedings in the State Court be stayed in all respects.

                                      Respectfully submitted,

                                      WRIGHT, FINLAY & ZAK, LLP

Dated: June 11, 2018        By:   /s/ Marvin B. Adviento
                                              Gwen H. Ribar, Esq.
                                              Marvin B. Adviento, Esq.
                                              Attorneys for Defendant,
                                              Rushmore Loan Management Services, LLC

# EXHIBIT "A"

David M. Shaby II, Esq. (97871)
david@ds4law.com
R. Christopher Harshman, Esq. (248214)
christopher@ds4law.com
DAVID M. SHABY II & ASSOCIATES, APC
11949 Jefferson Boulevard, Suite 104
Culver City, California 90230
Telephone: (310) 827-7171
Facsimile: (310) 822-8529

*Attorneys for Plaintiff Kourosh Parsapour*

CONFORMED COPY
MAY 11 2018
Sherri R. Carter, Executive Officer/Clerk
By T. Rhodes, Deputy

CASE ASSIGNED FOR ALL PURPOSES TO
Judge **ROBERT B. BROADBELT III**
Dept. B Div.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES — SOUTHWEST DISTRICT

Kourosh Parsapour,

                Plaintiff,

vs.

Rushmore Loan Management Services, LLC;

All persons unknown, claiming any legal or equitable right, title, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title to that property; and

DOES 1 through 20, inclusive,

                Defendants.

Case no. YC072875

**VERIFIED COMPLAINT**

## PARTIES

1. Dr. Kourosh Parsapour, M.D. ("Plaintiff" or "Parsapour") is an individual residing at all relevant times in the County of Los Angeles, in the State of California.

2. On information and belief, defendant Rushmore Loan Management Services, LLC is a Delaware limited liability company registered to do business in the State of California (California Secretary of State entity ID 200919110371), with its principal place of business at 15480 Laguna Canyon Rd Ste 100, Irvine CA 92618.

3. Named as defendants in this action all persons unknown claiming (a) any legal or equitable right, title, estate, lien, or interest in the Subject Property adverse to Mr. Harshman's title, or

1

(b) any cloud on Mr. Harshman's title to the property. The claims of each unknown defendant are without any right, and these defendants have no right, title, estate, lien, or interest in the Subject Property.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 20, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated herein as a DOE is responsible in some manner, way, form and to some extent for the events and occurrences referred to herein, and for the damages resulting to Plaintiff. At such times as Plaintiff learns the true name and capacity of any defendant named as a DOE herein, Plaintiff will seek leave of court to amend the complaint to identify said defendant, and include accompanying charging allegations.

5. Plaintiff is informed and believes, and based upon such information and belief, thereon alleges, that each Defendant named in this Complaint, including DOES, was at all times herein mentioned, and now is, the agent, servant, subsidiary, partner, member, associate, representative or employee of each of the other Defendants, including DOES, and all of the things alleged to have been done by the Defendants were done in the course and scope of agency, employment, service, subsidiary relationship, partnership, membership, association, or representative relationship, with knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates or representatives. Plaintiff is informed and believes, and based upon such information and belief, thereon alleges, that each defendant named as a DOE is responsible for each and every obligation hereinafter set forth.

## JURISDICTION AND VENUE

6. Venue is proper in this Court, as the Subject Property is located within its jurisdiction, and damages exceed the jurisdictional limit of this Court.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. The real property which is the subject of this action (the "Subject Property") is an owner-occupied primary residence condominium home commonly known as 501 Herondo Street, Unit 34, Hermosa Beach, California 90254 in the County of Los Angeles, State of California, which is legally

described as: "501 Herondo Street 34, Hermosa Beach, California 90254." The Assessor's I.D. Number for the Subject Property is 4188-017-048; the boundaries of the Subject Property are described as: "Parcel 1: (A) An undivided 1/45th interest in and to lot 1 of tract no. 22187, in the City of Hermosa Beach, in the County of Los Angeles, State of California, as per map recorded in book 1027 page(d) 39 and 40 of maps, in the office of the County Recorder of said county except units 1 to 45 inclusive as shown and defined on the condominium plan recorded March 29, 1985 as instrument no. 85-34344, official records ... (B) Unit 34 as shown and defined on the condominium plan above mentioned. Parcel 2: An exclusive easement for balcony and deck purposes over those areas bearing the same number designation as the above unit number as show and defined on the condominium plan above mentioned."

8. On or about March 16, 2010, Dr. Parsapour purchased the Subject Property and obtained a loan in the amount of $554,000.00 from Bank of America, N.A. On or about April 12, 2013, Seterus, Inc. ("Seterus") became the new servicer of that loan.

9. Dr. Parsapour has an additional mortgage with Seterus on another property, occupied by his father (the "Other Seterus Loan").

10. In or about March 2018, Rushmore Loan Management Services, LLC ("Rushmore" or "RLMS") became the new servicer, loan no. 7601352090 (the "Mortgage").

11. Dr. Parsapour fell into default on the Mortgage in or about late 2016.

12. At no time was Dr. Parsapour contacted by a representative of Seterus or anyone else, telephonically or in person, to discuss his financial situation and explore options for Dr. Parsapour to avoid foreclosure. Dr. Parsapour was further never advised that he had the right to request a subsequent meeting to occur within 14 days, nor was Dr. Parsapour provided with the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. At all times relevant, Dr. Parsapour resided at the same address and maintained and used the same telephone number, and his contact information was known to Seterus. (Seterus' Notice of Default attached a "Declaration of Mortgage Servicer Pursuant to Civil Code §2923.55(c), which simply checked a box next to a boilerplate, conclusory recital of the statutory requirements and provided absolutely no details whatsoever about any purported attempts to contact Dr. Parsapour.)

13. Despite that failure to contact Dr. Parsapour, Seterus served and recorded a Notice of Default ("NOD") on the Subject Property on or about January 13, 2017. On or about April 18, 2017, Seterus served and recorded a Notice of Trustee's Sale ("NOTS"), with the sale date originally set for May 10, 2017.

14. On or about May 9th, 2017, Dr. Parsapour filed a "Chapter 13" bankruptcy petition in the United States Bankruptcy Court for the Central District of California, case no. 2:17-bk-15706-WB (the "Bankruptcy Action"). Dr. Parsapour was represented in the Bankruptcy Action by attorney Charles Shamash ("Shamash").

15. Throughout the Bankruptcy Action, Seterus was represented by James F. Lewin, of The Mortgage Law Firm PLC ("Lewin").

16. On May 25, 2017, Seterus through Mr. Lewin filed a Notice of Mortgage Payment Change (ECF No. 14 in the Bankruptcy Action).

17. On September 12, 2017, Seterus filed a Proof of Claim in the Bankruptcy Action, stating **$33,229.00** as the amount necessary to cure any default as of the date of the petition.

18. Throughout the Bankruptcy Action, until in or about February of 2018, Dr. Parsapour made each and every payment on the Subject Property's Mortgage, as they came due.

19. On or about March 7, 2018, Mr. Shamash, counsel for Dr. Parsapour attempted to obtain a reinstatement amount from Mr. Lewin.

20. On or about March 15, 2018, Rushmore finally provided an amount of $51,501.88 as required to reinstate the Mortgage for the Subject Property.

21. On March 15, 2018, Mr. Shamash wrote Mr. Lewin an email to protest that amount, stating: "I just received this. It doesn't make sense. The POC was about $34k and we have made all payments since." Mr. Shamash discussed the discrepancy with Mr. Lewin during a telephone call that same day, prompting Mr. Lewin to respond to Mr. Shamash's email with his own email: "As we discussed, please send a letter with a breakdown of the financial information with back up and I will send to Rushmore to review."

22. On March 26, 2018, Mr. Shamash wrote Mr. Lewin to follow up: "I'm sorry to be a pain in the proverbial butt but I really wanna get this over and done with. Were you able to follow up and

4
VERIFIED COMPLAINT

verify? We provided you proof of all the post petition payments in there for that number just needs to be corrected so I can pay you guys a be done :-) please advise"

23. On March 27, 2018, Mr. Lewin responded via email: "I have not been able to obtain this information from Rushmore. One of the issues is that Rushmore's bankruptcy counsel is Aldridge Pite. I have an email out to Rushmore and to Aldridge Pite. You may wish to also proceed through Aldridge Pite as they are bankruptcy counsel for Rushmore." ("Aldridge Pite" is the law firm Aldridge Pite, LLP.)

24. Rushmore never directly participated in the Bankruptcy Action, nor has any attorney from Aldridge Pite appeared in that action.

25. On March 28, 2018, Mr. Shamash contacted Augstina Sandoval, a Proof of Claims Coordinator at Aldridge Pite, LLP ("Sandoval").

26. On April 6, 2018, Ms. Sandoval provided documentation that purported to substantiate the $51,501.88 reinstatement amount, but which did not credit at least two of the payments made, and documented, by Dr. Parsapour during the pendency of the Bankruptcy Action.

27. Mr. Shamash immediately responded, with documentation, protesting the amount and informing Aldridge Pite that Dr. Parsapour was ready, willing, and able to pay a *valid* reinstatement amount:

> Stephanie your email address was just provided to me – and I do not have a number for you. Please call me! We want to reinstate here and the numbers are wrong. Also as there is a sale date coming up – I need to coordinate this appropriately.
>
> Bottom line is that the Debtor made all post petition payments (but for March/April now) and I am attaching the mortgage declaration. At the time the case was filed, the POC showed about $33K and the reinstatement quote was for over $50K.
>
> Funds are immediately available . . . and can be sent on Monday.
>
> HELP!!!!!!!!!! Please call me to discuss.

28. Having received no response, Mr. Shamash reached out to Rushmore and Aldridge Pite again via email on April 23, 2018. In response, Stephanie Flores ("Flores") of Rushmore responded, via email, in relevant part: "I believe the reinstatement quote is overstated on fees compared to what was

5
VERIFIED COMPLAINT

filed on the claim; I will look into this a bit further and have the fees that weren't included in claim reclassified as non-recoverable ... RLMS received the Declaration Setting Forth Postpetition, Preconfirmation Payments; the proof of payment has been reviewed and I confirmed all payments have been received with the exception of cashier's check #0841304726 dated 02/13/2018 and cashier's check# 0841304725 also dated 02/13/2018, these payments were sent to Seterus after the service transfer and as of today these funds have not been received by RLMS nor were accounted for on the payment history provided by Seterus."

29. On information and belief, the payments made by Dr. Parsapour were improperly credited by Seterus to his Other Seterus Account.

30. On April 30, 2018, having been unsuccessful in trying to reach Ms. Flores directly, Mr. Shamash wrote her via email: "Stephanie is it impossible to speak to you? If so please confirm and verify in writing as the numbers have changed the amount and instruction so we can resolve this." Mr. Shamash received no response.

31. Notwithstanding these repeated attempts to obtain the actual, accurate amount due and reinstate the Mortgage, and with no one having ever provided notice to Dr. Parsapour or his counsel of the sale date, the Subject Property was sold on May 9th, 2018.

32. The Bankruptcy Action was voluntarily dismissed on April 25, 2018.

33. Dr. Parsapour has, liquid, funds in excess of $ 144,574 with which he is ready, willing, and able to reinstate the Mortgage on the Subject Property. This is in addition to the more than $40,000 held by the bankruptcy trustee.

## PREJUDICE

34. Dr. Parsapour has clearly been prejudiced by these glaring failures by Rushmore to meet its obligations under California law.

35. Had Dr. Parsapour and his counsel not been thwarted in their multiple attempts to directly contact Rushmore personnel, to obtain an accurate accounting of the amount necessary to reinstate, and instructions regarding how to properly provide that payment to Rushmore, he could and would have paid the amount necessary to reinstate the loan, and the sale could and would have been avoided. Instead, Dr. Parsapour's home was sold at a trustee's sale.

## FIRST CAUSE OF ACTION

*WRONGFUL FORECLOSURE AGAINST ALL DEFENDANTS*

36. Plaintiff realleges and incorporates the allegations by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

37. As set forth above, each defendant violated Cal. Civ. Code §§ 2923.5 and 2924c and the Homeowner's Bill of Rights generally (including, e.g., Cal. Civ. Code § 2923.7), thus giving rise to this wrongful foreclosure action.

38. Accordingly, Plaintiff is entitled to injunctive relief and damages in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION

*NEGLIGENCE AGAINST ALL DEFENDANTS*

39. Plaintiff realleges and incorporates the allegations by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

40. Defendants failed to maintain a policy or procedure reasonably designed to provide the borrower with accurate information about actions the borrower must take to be evaluated for loss mitigation options, the status of a loss mitigation application, and the circumstances under which the servicer may make a referral to foreclosure, thereby breaching their duty to Dr. Parsapour.

## THIRD CAUSE OF ACTION

*UNFAIR, FRAUDULENT AND DECEPTIVE BUSINESS PRACTICES [CAL. BUS. & PROF. CODE §§ 17200 ET SEQ] AGAINST ALL DEFENDANTS*

41. Plaintiff realleges and incorporates the allegations by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

42. At all times mentioned herein, *Business and Professionals Code* § 17200, et seq. (collectively the "UCL") was in full force and effect and was binding on Defendants. Said sections require Defendants to refrain from unfair, fraudulent and deceptive business practices.

43. The UCL permits civil recovery for "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising...." (Bus. & Prof. Code § 17200.) "'Because *Business and Professions Code* section 17200 is written in the disjunctive, it establishes three

varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent...."' (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180.)

44. By defining "unfair competition" to include any unlawful act or practice, the UCL permits violations of other laws to be treated as independently actionable as unfair competition. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., supra*, 20 Cal.4th at p. 180, 83 Cal.Rptr.2d 548, 973 P.2d 527.) " '[A]n "unfair" business practice occurs when that practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." [Citation.]' [Citation.]" (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 719, 113 Cal.Rptr.2d 399.)

45. An unfair business practice also means " 'the public policy which is a predicate to the action must be "tethered" to specific constitutional, statutory or regulatory provisions.' " (*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 940, 134 Cal.Rptr.2d 101.) A fraudulent practice under the UCL "require [s] only a showing that members of the public are likely to be deceived" and "can be shown even without allegations of actual deception, reasonable reliance and damage." (*Daugherty v. American Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 838, 51 Cal.Rptr.3d 118.)

46. Upon information and belief, each of the acts of the defendants, and each of them, as set forth hereinabove in this Complaint constitutes unlawful, unfair and fraudulent business acts or practices within the meaning of California Business and Professions Code §§ 17200 *et seq*.

47. In numerous instances, as mentioned above, defendants violated the legislatively enacted Homeowners Bill of Rights and caused the principal residence and home of Dr. Parsapour to be lost to foreclosure.

48. On information and belief, as a result of these defendants' and each of their unlawful, unfair and/or fraudulent practices, Dr. Parsapour is without an adequate remedy at law and is entitled to equitable relief enjoining defendants' continuing unlawful acts.

49. On information and belief, as a result of these defendants' and each of their unfair competition, Dr. Parsapour is entitled to such orders or judgment, including the appointment of a receiver, as may be necessary to prevent the use or employment by the defendants of any practice which unlawful, unfair and fraudulent practices.

50. On information and belief, as a result of these defendants' and each of their actions, Dr. Parsapour has suffered damages and is entitled to general, special, consequential and incidental damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

*JUDGMENT TO SET ASIDE TRUSTEE'S SALE AGAINST ALL DEFENDANTS*

51. Plaintiff realleges and incorporates the allegations by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

52. For the reasons stated hereinabove, Dr. Parsapour is informed and believes and thereon alleges that the trustee's sale was not conducted in compliance with the requirements of HBOR which became effective prior to, and applies to, said trustee's sale, and therefore is void, including against all third parties.

53. Dr. Parsapour is informed and believes and thereon alleges that the trustee's sale was improperly held in that the trustee's sale was conducted with invalid and improper presale procedures, and in breach of HBOR, all to Dr. Parsapour's loss and damage in that Dr. Parsapour has been wrongfully deprived of the beneficial use and enjoyment of his home and has been deprived of legal title by forfeiture.

54. Further, based on defendants' mistakes identified hereinabove, defendants unlawfully foreclosed on the Subject Property, and that said sale is therefore void, including against all third parties.

55. Dr. Parsapour hereby offers to tender to defendants all amounts due and owing on the subject loan so that the claimed default may be cured and Dr. Parsapour may be reinstated to all former rights and privileges under the promissory note and deed of trust. Dr. Parsapour is ready, willing, and able to tender those sums that the Court finds due and owing.

## PRAYER FOR RELIEF

Wherefore, Dr. Parsapour prays for judgment against the defendants as follows:

(a) For actual damages according to proof;

(b) For compensatory, consequential and statutory damages as permitted by law, including under HBOR;

(c) For equitable relief, including restitution and an accounting of all payments made on the subject loan;

(d) For interest as permitted by law;

(e) For reasonable attorneys' fees and costs under statutory and common law; and

(f) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DAVID M. SHABY II & ASSOCIATES

Date: May 11, 2018      By: _____
R. Christopher Harshman, Esq.
Attorneys for Plaintiff Kourosh Parsapour

I have read the foregoing **VERIFIED COMPLAINT** and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true. Executed this 11th day of May, 2018, at **HERMOSA BEACH**, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Electronically signed pursuant to Civil Code §1633.7(d).

_____
Dr. Koroush Parsapour

10
VERIFIED COMPLAINT

## PROOF OF SERVICE

I, Steven E. Bennett, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On June 11, 2018, I served the within **DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1446** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

David M. Shaby, II, Esq.
DAVID M. SHABY II & ASSOCIATES, APC
11949 Jefferson Blvd., Ste. 104
Culver City, CA  90230
Tel: (310) 827-7171
Fax: (310) 822-8529
Attorneys for Plaintiff Kourosh Parsapour

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]   (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I

1

PROOF OF SERVICE

|     |     |     |
| --- | --- | --- |
| 1   |     | caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service. |
| 2   |     |     |
| 3   | [ ] | (BY GOLDEN STATE OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Golden State Overnight with the delivery fees provided for. |
| 4   |     |     |
| 5   | [ ] | (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se." |
| 6   |     |     |
| 7   |     |     |
| 8   |     |     |
| 9   |     |     |
| 10  |     |     |
| 11  | [X] | (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |
| 12  |     | Executed on June 11, 2018, at Newport Beach, California. |

*[signature]*

Steven E. Bennett

---

2

**PROOF OF SERVICE**