David M. Shaby II, Esq. (97871)
  david@ds4law.com
R. Christopher Harshman, Esq. (248214)
  christopher@ds4law.com
DAVID M. SHABY II & ASSOCIATES, APC
11949 Jefferson Boulevard, Suite 104
Culver City, California 90230
Telephone:   (310) 827-7171
Facsimile:   (310) 822-8529

*Attorneys for Plaintiff Kourosh Parsapour*

CONFORMED COPY
MAY 11 2018
Sherri R. Carter, Executive Officer/Clerk
By T. Rhodes, Deputy

CASE ASSIGNED FOR ALL PURPOSES TO
Judge  **ROBERT B. BROADBELT III**
Dept.  *B*  Div. _____

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF LOS ANGELES — SOUTHWEST DISTRICT

| | |
|---|---|
| Kourosh Parsapour,<br><br>                   Plaintiff,<br><br>         vs.<br><br>Rushmore Loan Management Services, LLC;<br><br>All persons unknown, claiming any legal or equitable right, title, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title to that property; and<br><br>DOES 1 through 20, inclusive,<br><br>                   Defendants. | Case no.  **YC072875**<br><br>**VERIFIED COMPLAINT** |

## PARTIES

1.  Dr. Kourosh Parsapour, M.D. ("Plaintiff" or "Parsapour") is an individual residing at all relevant times in the County of Los Angeles, in the State of California.

2.  On information and belief, defendant Rushmore Loan Management Services, LLC is a Delaware limited liability company registered to do business in the State of California (California Secretary of State entity ID 200919110371), with its principal place of business at 15480 Laguna Canyon Rd Ste 100, Irvine CA 92618.

3.  Named as defendants in this action all persons unknown claiming (a) any legal or equitable right, title, estate, lien, or interest in the Subject Property adverse to Mr. Harshman's title, or

1
VERIFIED COMPLAINT

(b) any cloud on Mr. Harshman's title to the property. The claims of each unknown defendant are without any right, and these defendants have no right, title, estate, lien, or interest in the Subject Property.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 20, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated herein as a DOE is responsible in some manner, way, form and to some extent for the events and occurrences referred to herein, and for the damages resulting to Plaintiff. At such times as Plaintiff learns the true name and capacity of any defendant named as a DOE herein, Plaintiff will seek leave of court to amend the complaint to identify said defendant, and include accompanying charging allegations.

5. Plaintiff is informed and believes, and based upon such information and belief, thereon alleges, that each Defendant named in this Complaint, including DOES, was at all times herein mentioned, and now is, the agent, servant, subsidiary, partner, member, associate, representative or employee of each of the other Defendants, including DOES, and all of the things alleged to have been done by the Defendants were done in the course and scope of agency, employment, service, subsidiary relationship, partnership, membership, association, or representative relationship, with knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates or representatives. Plaintiff is informed and believes, and based upon such information and belief, thereon alleges, that each defendant named as a DOE is responsible for each and every obligation hereinafter set forth.

## JURISDICTION AND VENUE

6. Venue is proper in this Court, as the Subject Property is located within its jurisdiction, and damages exceed the jurisdictional limit of this Court.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. The real property which is the subject of this action (the "Subject Property") is an owner-occupied primary residence condominium home commonly known as 501 Herondo Street, Unit 34, Hermosa Beach, California 90254 in the County of Los Angeles, State of California, which is legally

1  described as: "501 Herondo Street 34, Hermosa Beach, California 90254." The Assessor's I.D.
2  Number for the Subject Property is 4188-017-048; the boundaries of the Subject Property are described
3  as: "Parcel 1: (A) An undivided 1/45th interest in and to lot 1 of tract no. 22187, in the City of Hermosa
4  Beach, in the County of Los Angeles, State of California, as per map recorded in book 1027 page(d) 39
5  and 40 of maps, in the office of the County Recorder of said county except units 1 to 45 inclusive as
6  shown and defined on the condominium plan recorded March 29, 1985 as instrument no. 85-34344,
7  official records ... (B) Unit 34 as shown and defined on the condominium plan above mentioned. Parcel
8  2: An exclusive easement for balcony and deck purposes over those areas bearing the same number
9  designation as the above unit number as show and defined on the condominium plan above mentioned."

10     8. On or about March 16, 2010, Dr. Parsapour purchased the Subject Property and obtained
11 a loan in the amount of $554,000.00 from Bank of America, N.A. On or about April 12, 2013, Seterus,
12 Inc. ("Seterus") became the new servicer of that loan.

13     9. Dr. Parsapour has an additional mortgage with Seterus on another property, occupied by
14 his father (the "Other Seterus Loan").

15     10. In or about March 2018, Rushmore Loan Management Services, LLC ("Rushmore" or
16 "RLMS") became the new servicer, loan no. 7601352090 (the "Mortgage").

17     11. Dr. Parsapour fell into default on the Mortgage in or about late 2016.

18     12. At no time was Dr. Parsapour contacted by a representative of Seterus or anyone else,
19 telephonically or in person, to discuss his financial situation and explore options for Dr. Parsapour to
20 avoid foreclosure. Dr. Parsapour was further never advised that he had the right to request a subsequent
21 meeting to occur within 14 days, nor was Dr. Parsapour provided with the toll-free telephone number
22 made available by the United States Department of Housing and Urban Development (HUD) to find a
23 HUD-certified housing counseling agency. At all times relevant, Dr. Parsapour resided at the same
24 address and maintained and used the same telephone number, and his contact information was known
25 to Seterus. (Seterus' Notice of Default attached a "Declaration of Mortgage Servicer Pursuant to Civil
26 Code §2923.55(c), which simply checked a box next to a boilerplate, conclusory recital of the statutory
27 requirements and provided absolutely no details whatsoever about any purported attempts to contact
28 Dr. Parsapour.)

13.     Despite that failure to contact Dr. Parsapour, Seterus served and recorded a Notice of Default ("NOD") on the Subject Property on or about January 13, 2017. On or about April 18, 2017, Seterus served and recorded a Notice of Trustee's Sale ("NOTS"), with the sale date originally set for May 10, 2017.

14.     On or about May 9th, 2017, Dr. Parsapour filed a "Chapter 13" bankruptcy petition in the United States Bankruptcy Court for the Central District of California, case no. 2:17-bk-15706-WB (the "Bankruptcy Action"). Dr. Parsapour was represented in the Bankruptcy Action by attorney Charles Shamash ("Shamash").

15.     Throughout the Bankruptcy Action, Seterus was represented by James F. Lewin, of The Mortgage Law Firm PLC ("Lewin").

16.     On May 25, 2017, Seterus through Mr. Lewin filed a Notice of Mortgage Payment Change (ECF No. 14 in the Bankruptcy Action).

17.     On September 12, 2017, Seterus filed a Proof of Claim in the Bankruptcy Action, stating **$33,229.00** as the amount necessary to cure any default as of the date of the petition.

18.     Throughout the Bankruptcy Action, until in or about February of 2018, Dr. Parsapour made each and every payment on the Subject Property's Mortgage, as they came due.

19.     On or about March 7, 2018, Mr. Shamash, counsel for Dr. Parsapour attempted to obtain a reinstatement amount from Mr. Lewin.

20.     On or about March 15, 2018, Rushmore finally provided an amount of $51,501.88 as required to reinstate the Mortgage for the Subject Property.

21.     On March 15, 2018, Mr. Shamash wrote Mr. Lewin an email to protest that amount, stating: "I just received this. It doesn't make sense. The POC was about $34k and we have made all payments since." Mr. Shamash discussed the discrepancy with Mr. Lewin during a telephone call that same day, prompting Mr. Lewin to respond to Mr. Shamash's email with his own email: "As we discussed, please send a letter with a breakdown of the financial information with back up and I will send to Rushmore to review."

22.     On March 26, 2018, Mr. Shamash wrote Mr. Lewin to follow up: "I'm sorry to be a pain in the proverbial butt but I really wanna get this over and done with. Were you able to follow up and

verify? We provided you proof of all the post petition payments in there for that number just needs to be corrected so I can pay you guys a be done :-) please advise"

23. On March 27, 2018, Mr. Lewin responded via email: "I have not been able to obtain this information from Rushmore. One of the issues is that Rushmore's bankruptcy counsel is Aldridge Pite. I have an email out to Rushmore and to Aldridge Pite. You may wish to also proceed through Aldridge Pite as they are bankruptcy counsel for Rushmore." ("Aldridge Pite" is the law firm Aldridge Pite, LLP.)

24. Rushmore never directly participated in the Bankruptcy Action, nor has any attorney from Aldridge Pite appeared in that action.

25. On March 28, 2018, Mr. Shamash contacted Augstina Sandoval, a Proof of Claims Coordinator at Aldridge Pite, LLP ("Sandoval").

26. On April 6, 2018, Ms. Sandoval provided documentation that purported to substantiate the $51,501.88 reinstatement amount, but which did not credit at least two of the payments made, and documented, by Dr. Parsapour during the pendency of the Bankruptcy Action.

27. Mr. Shamash immediately responded, with documentation, protesting the amount and informing Aldridge Pite that Dr. Parsapour was ready, willing, and able to pay a *valid* reinstatement amount:

> Stephanie your email address was just provided to me – and I do not have a number for you. Please call me! We want to reinstate here and the numbers are wrong. Also as there is a sale date coming up – I need to coordinate this appropriately.
>
> Bottom line is that the Debtor made all post petition payments (but for March/April now) and I am attaching the mortgage declaration. At the time the case was filed, the POC showed about $33K and the reinstatement quote was for over $50K.
>
> Funds are immediately available . . . and can be sent on Monday.
>
> HELP!!!!!!!!!! Please call me to discuss.

28. Having received no response, Mr. Shamash reached out to Rushmore and Aldridge Pite again via email on April 23, 2018. In response, Stephanie Flores ("Flores") of Rushmore responded, via email, in relevant part: "I believe the reinstatement quote is overstated on fees compared to what was

VERIFIED COMPLAINT

filed on the claim; I will look into this a bit further and have the fees that weren't included in claim reclassified as non-recoverable ... RLMS received the Declaration Setting Forth Postpetition, Preconfirmation Payments; the proof of payment has been reviewed and I confirmed all payments have been received with the exception of cashier's check #0841304726 dated 02/13/2018 and cashier's check# 0841304725 also dated 02/13/2018, these payments were sent to Seterus after the service transfer and as of today these funds have not been received by RLMS nor were accounted for on the payment history provided by Seterus."

29. On information and belief, the payments made by Dr. Parsapour were improperly credited by Seterus to his Other Seterus Account.

30. On April 30, 2018, having been unsuccessful in trying to reach Ms. Flores directly, Mr. Shamash wrote her via email: "Stephanie is it impossible to speak to you? If so please confirm and verify in writing as the numbers have changed the amount and instruction so we can resolve this." Mr. Shamash received no response.

31. Notwithstanding these repeated attempts to obtain the actual, accurate amount due and reinstate the Mortgage, and with no one having ever provided notice to Dr. Parsapour or his counsel of the sale date, the Subject Property was sold on May 9th, 2018.

32. The Bankruptcy Action was voluntarily dismissed on April 25, 2018.

33. Dr. Parsapour has, liquid, funds in excess of $ 144,574 with which he is ready, willing, and able to reinstate the Mortgage on the Subject Property. This is in addition to the more than $40,000 held by the bankruptcy trustee.

## PREJUDICE

34. Dr. Parsapour has clearly been prejudiced by these glaring failures by Rushmore to meet its obligations under California law.

35. Had Dr. Parsapour and his counsel not been thwarted in their multiple attempts to directly contact Rushmore personnel, to obtain an accurate accounting of the amount necessary to reinstate, and instructions regarding how to properly provide that payment to Rushmore, he could and would have paid the amount necessary to reinstate the loan, and the sale could and would have been avoided. Instead, Dr. Parsapour's home was sold at a trustee's sale.

6
VERIFIED COMPLAINT

## First Cause of Action

### Wrongful Foreclosure Against All Defendants

36. Plaintiff realleges and incorporates the allegations by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

37. As set forth above, each defendant violated Cal. Civ. Code §§ 2923.5 and 2924c and the Homeowner's Bill of Rights generally (including, e.g., Cal. Civ. Code § 2923.7), thus giving rise to this wrongful foreclosure action.

38. Accordingly, Plaintiff is entitled to injunctive relief and damages in an amount subject to proof at trial.

## Second Cause of Action

### Negligence Against All Defendants

39. Plaintiff realleges and incorporates the allegations by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

40. Defendants failed to maintain a policy or procedure reasonably designed to provide the borrower with accurate information about actions the borrower must take to be evaluated for loss mitigation options, the status of a loss mitigation application, and the circumstances under which the servicer may make a referral to foreclosure, thereby breaching their duty to Dr. Parsapour.

## Third Cause of Action

### Unfair, Fraudulent and Deceptive Business Practices [Cal. Bus. & Prof. Code §§ 17200 et seq] Against All Defendants

41. Plaintiff realleges and incorporates the allegations by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

42. At all times mentioned herein, *Business and Professionals Code* § 17200, et seq. (collectively the "UCL") was in full force and effect and was binding on Defendants. Said sections require Defendants to refrain from unfair, fraudulent and deceptive business practices.

43. The UCL permits civil recovery for "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising...." (Bus. & Prof. Code § 17200.) "'Because *Business and Professions Code* section 17200 is written in the disjunctive, it establishes three

1  varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent....'" (*Cel-*
2  *Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180.)
3      44.    By defining "unfair competition" to include any unlawful act or practice, the UCL
4  permits violations of other laws to be treated as independently actionable as unfair competition. (*Cel-*
5  *Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., supra,* 20 Cal.4th at p. 180, 83
6  Cal.Rptr.2d 548, 973 P.2d 527.) " '[A]n "unfair" business practice occurs when that practice "offends
7  an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or
8  substantially injurious to consumers." [Citation.]' [Citation.]" (*Smith v. State Farm Mutual Automobile*
9  *Ins. Co.* (2001) 93 Cal.App.4th 700, 719, 113 Cal.Rptr.2d 399.)
10     45.    An unfair business practice also means " 'the public policy which is a predicate to the
11 action must be "tethered" to specific constitutional, statutory or regulatory provisions.' " (*Scripps*
12 *Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 940, 134 Cal.Rptr.2d 101.) A fraudulent practice
13 under the UCL "require [s] only a showing that members of the public are likely to be deceived" and
14 "can be shown even without allegations of actual deception, reasonable reliance and damage."
15 (*Daugherty v. American Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 838, 51 Cal.Rptr.3d 118.)
16     46.    Upon information and belief, each of the acts of the defendants, and each of them, as set
17 forth hereinabove in this Complaint constitutes unlawful, unfair and fraudulent business acts or
18 practices within the meaning of California Business and Professions Code §§ 17200 *et seq.*
19     47.    In numerous instances, as mentioned above, defendants violated the legislatively enacted
20 Homeowners Bill of Rights and caused the principal residence and home of Dr. Parsapour to be lost to
21 foreclosure.
22     48.    On information and belief, as a result of these defendants' and each of their unlawful,
23 unfair and/or fraudulent practices, Dr. Parsapour is without an adequate remedy at law and is entitled to
24 equitable relief enjoining defendants' continuing unlawful acts.
25     49.    On information and belief, as a result of these defendants' and each of their unfair
26 competition, Dr. Parsapour is entitled to such orders or judgment, including the appointment of a
27 receiver, as may be necessary to prevent the use or employment by the defendants of any practice which
28 unlawful, unfair and fraudulent practices.

50.    On information and belief, as a result of these defendants' and each of their actions, Dr. Parsapour has suffered damages and is entitled to general, special, consequential and incidental damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
*JUDGMENT TO SET ASIDE TRUSTEE'S SALE AGAINST ALL DEFENDANTS*

51.    Plaintiff realleges and incorporates the allegations by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

52.    For the reasons stated hereinabove, Dr. Parsapour is informed and believes and thereon alleges that the trustee's sale was not conducted in compliance with the requirements of HBOR which became effective prior to, and applies to, said trustee's sale, and therefore is void, including against all third parties.

53.    Dr. Parsapour is informed and believes and thereon alleges that the trustee's sale was improperly held in that the trustee's sale was conducted with invalid and improper presale procedures, and in breach of HBOR, all to Dr. Parsapour's loss and damage in that Dr. Parsapour has been wrongfully deprived of the beneficial use and enjoyment of his home and has been deprived of legal title by forfeiture.

54.    Further, based on defendants' mistakes identified hereinabove, defendants unlawfully foreclosed on the Subject Property, and that said sale is therefore void, including against all third parties.

55.    Dr. Parsapour hereby offers to tender to defendants all amounts due and owing on the subject loan so that the claimed default may be cured and Dr. Parsapour may be reinstated to all former rights and privileges under the promissory note and deed of trust. Dr. Parsapour is ready, willing, and able to tender those sums that the Court finds due and owing.

### PRAYER FOR RELIEF

Wherefore, Dr. Parsapour prays for judgment against the defendants as follows:

    (a)    For actual damages according to proof;

    (b)    For compensatory, consequential and statutory damages as permitted by law, including under HBOR;

|     |     |     |
| --- | --- | --- |
| 1 | (c) | For equitable relief, including restitution and an accounting of all payments made on the subject loan; |
| 3 | (d) | For interest as permitted by law; |
| 4 | (e) | For reasonable attorneys' fees and costs under statutory and common law; and |
| 5 | (f) | For such other and further relief as this Court deems just and proper. |

Respectfully submitted,

DAVID M. SHABY II & ASSOCIATES

Date: May 11, 2018         By: _____
R. Christopher Harshman, Esq.
Attorneys for Plaintiff Kourosh Parsapour

I have read the foregoing VERIFIED COMPLAINT and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true. Executed this 11th day of May, 2018, at HERMOSA BEACH, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Electronically signed pursuant to Civil Code §1633.7(d).

_____
Dr. Koroush Parsapour