R. Christopher Harshman, Esq. (248214)
 chris@packetlaw.com
David M. Shaby II (97871)
 david@ds4law.com
DAVID M. SHABY II & ASSOCIATES
11949 Jefferson Blvd. Ste 104
Culver City, California 90230
Telephone: (310) 827-7171
Facsimile: (310) 382-2092

*Attorneys for Plaintiff Kourosh Parsapour*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Kourosh Parsapour,<br><br>  Plaintiff,<br><br>  vs.<br><br>Rushmore Loan Management Services, LLC, *et al*,<br><br>  Defendants. | Case no. 2:18-cv-05161-SJO-GJS<br><br>Assigned to the Hon. S. James Otero<br><br>**VERIFIED *EX PARTE* APPLICATION FOR AN ORDER REMANDING THIS ACTION; SHORTENING TIME; OR SETTING A HEARING ON AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>[[Proposed] Order Filed Concurrently Herewith] |
|---|---|

Plaintiff Kourosh Parsapour ("Dr. Parsapour") hereby respectfully requests the Court issue an order:

  1.  Remanding this action to the Superior Court of the State of California for the County of Los Angeles (the "Los Angeles Superior Court") and if granted, awarding fees in the amount of $2,385.00;

  2.  Shortening time in which a motion to so remand may be brought and treating this application as the moving papers for such a motion[1]; or

  3.  Setting a hearing date on the pending order to show cause (*infra*).

---

[1] Alternately, the Court may *sua sponte* determine it lacks jurisdiction and remand this action; see, e.g., *Hovsepian v. Pae*, No. CV 13-05511 SJO (SSx), 2013 U.S. Dist. LEXIS 115165, at *3-4 (C.D. Cal. Aug. 13, 2013) (citing 28 U.S.C. § 1447(c), *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002)).

This application should be granted because the defendant cannot carry its burden of establishing that complete diversity exists in this matter, and has not established the amount in controversy exceeds the statutory requirement. Further, orders of the state court continue in effect post-removal. This verified application is based upon the Memorandum, below, and the June 12, 2018 Request for Judicial Notice Dr. Parsapour made in this action (ECF No. 7, the "RJN").

## Memorandum

### I. Factual and Procedural Summary

#### A. The Unlimited Jurisdiction Superior Court Lawsuit, TRO, and OSC

On May 11, 2018, Dr. Parsapour, a citizen of the County of Los Angeles, State of California, at all relevant times, brought the instant action in the Los Angeles Superior Court, case no. YC072875 (the "LASC Action") (see Dr. Parsapour's "Verified Complaint," ECF No. 2-1). That same day, he applied *ex parte* for a temporary restraining order ("TRO") blocking recordation of a trustee's deed upon sale ("TDUS"), which was **granted**; a true and correct copy of that order is attached hereto as **Exhibit A**. Defendant Rushmore Loan Management Services, LLC ("Rushmore") appeared through counsel, Marvin Adviento, who was personally served with the verified complaint, *ex parte* application, and other documents, that morning. The Court, in granting the TRO, set an order to show cause why a preliminary injunction should not issue ("OSC"); the hearing date for the OSC was set for May 30, 2018.

#### B. Defendant's Counsel Requests a Continuance

Subsequently, Mr. Adviento contacted counsel for Dr. Parsapour and requested an extension of time to respond to the OSC. The parties agreed to extend the dates, with the hearing on the OSC continued to June 29th, 2018. On May 30, 2018, Judge Robert B. Broadbelt III of the Los Angeles Superior Court adopted the parties' stipulation (a true and correct copy of which is attached hereto as **Exhibit B**) and issued an order so continuing the hearing on the OSC and related dates; a true and correct copy of the court's docket showing that continued date is attached hereto as **Exhibit C**.

### C. The California Defendants are Discovered, Named, and Served

Dr. Parsapour was unaware of the identity of the entity that had purchased his property at the unlawful foreclosure auction that occurred on or about May 9th, until he was served with a summons in an unlawful detainer action brought by Breckenridge Property Fund 2016, LLC ("Breckenridge") (*Breckenridge Property Fund 2016, LLC v. Parsapour et al*, Los Angeles Superior Court case no. 18IWUD01182, the "UD Action").

Dr. Parsapour promptly filed an Amendment to Complaint naming Breckenridge in place of fictitiously named defendant DOE 1. (RJN, Exhibit A; Request for Summons (ECF No. 12).) As further investigation revealed the intertwined relationship between Wedgewood, LLC ("Wedgewood") (the only member and manager of Breckenridge), Dr. Parsapour filed a second Amendment to Complaint naming Wedgewood in place of fictitiously named defendant DOE 2. (RJN, Exhibit B; Request for Summons.)

Rushmore's counsel, Mr. Adviento, has at all times been aware the verified complaint brought by Dr. Parsapour named as defendants not only Rushmore, but also: "All persons unknown, claiming any legal or equitable right, title, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title to that property; and DOES 1 through 20, inclusive." Indeed, in an email sent June 6, 2018 (a true and correct copy of which is attached hereto as **Exhibit D**), Mr. Adviento acknowledged "they [Breckenridge and/or Wedgewood] should have been included in the lawsuit" Dr. Parsapour brought in the Los Angeles Superior Court.

Breckenridge is a limited liability company organized in Delaware, whose only member and manager is Wedgewood. (RJN, Exhibits C, D.) Wedgewood is a limited liability company organized in Delaware, whose only members are individuals – Gregory Geiser, David Wehrly, and Darin Puhl, each at the address 2015 Manhattan Beach Boulevard #100, Redondo Beach, CA 90278 – who are citizens of the State of California. (RJN, Exhibits E, F.)

Both Breckenridge and Wedgewood were served with the summons and complaint in this action on June 15, 2018[2] (Proofs of Service at ECF Nos. 13 and 14, respectively).

### D. The UD Action Is Stayed

On June 13, 2018, Dr. Parsapour, through counsel, applied *ex parte* in the UD Action for an order staying that action pending resolution of the LASC Action[3]. That application was granted in part, with the parties ordered to return in the UD Action on July 2nd, with the expectation that that date would follow the hearing on the OSC – the hearing date on which has presumably been vacated by Rushmore's removal to this Court.

### E. Attempt to Meet and Confer; Earlier Ex Parte Notice

On June 12, 2018, counsel for Dr. Parsapour contacted Mr. Adviento via email to request a conference of counsel pursuant to the Court's Local Rules, L.R. 7-3. Dr. Parsapour's counsel received a "read receipt" indicating Mr. Adviento read this email at 7:25 p.m. on June 12th, but has never responded to it. (A true and correct copy of this email, together with the "read receipt," are attached hereto as **Exhibit E**.) On June 13th, Dr. Parsapour's counsel provided oral and written (via email and facsimile transmission) notice that Dr. Parsapour intended to seek this *ex parte* relief (that notice was later withdrawn). Mr. Adviento at that time indicated Rushmore would oppose.

### F. Notice of the Instant Application

Counsel for the Rushmore was provided notice as follows: Mr. Harshman, counsel for Dr. Parsapour, called (949) 610-7021 (his "direct" number, as specified by him in his email signature) at 12:39 p.m. Pacific Time on June 21, 2018 and left a voicemail with providing detailed *ex parte* notice of this application. Written notice was subsequently sent via email and facsimile transmission, a true and correct copy of which is attached hereto as **Exhibit F**. Rushmore is expected to oppose, based on prior discussion (*supra*).

---

[2] Due to reasons unknown, OneLegal, Dr. Parsapourt's counsel's legal services provider, was not able to provide a proof of service for Breckenridge until 3:09 p.m. on Wednesday, June 20th.

[3] That the LASC Action had been removed to this Court was disclosed in the application papers and discussed during the hearing thereon.

## II. ARGUMENT

### A. Basis for *Ex Parte* Relief

Defendant Rushmore removed this action to this Court as, Dr. Parsapour believes, purely a dilatory tactic. That the removal was executed while an OSC re preliminary injunction – continued at defendant Rushmore's request! – was pending, and days after an unlawful detainer – an expedited, summary, proceeding – had been filed, is particularly troubling. The court in the UD Action took the unusual step of staying that ordinarily expedited action, pending the outcome of the OSC hearing, which the defendants naturally seek to avoid. The patience of the court in the UD Action is finite, however, and this case must be swiftly remanded to the Los Angeles Superior Court where the pending OSC can finally be heard, and Dr. Parsapour's rights to his unique real property[4] – under imminent threat – can be litigated. There is simply insufficient time for Dr. Parsapour to seek remand through a normally noticed motion, a situation created entirely by defendant Rushmore's improper surprise removal to this Court.

### B. This Case Should be Remanded, as Complete Diversity Does Not Exist

#### 1. *Required Elements for Diversity Jurisdiction*

Federal courts are of limited jurisdiction, and may only decide cases consistent with the authority afforded to them by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994). "28 U.S.C. § 1332 requires the satisfaction of two factors before a federal district court may assume diversity jurisdiction over a civil action such as this one: (1) the controversy must be between citizens of different states, and (2) the amount in controversy must exceed $75,000.00." *Lee v. Walmart*, 237 F. Supp. 2d 577, 579 (E.D. Pa. 2002). Courts must "strictly construe the removal statute against

---

[4] "The loss of one's home generally qualifies as irreparable injury." *Curten v. Quality Loan Serv. Corp.*, No. CV 14-07934 MMM (PJWx), 2015 U.S. Dist. LEXIS 182468, at *11-12 (C.D. Cal. Mar. 16, 2015) (collecting cases, including, e.g., *Sundance Land Corp. v. Comty First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988) (holding that the sale at foreclosure of real property constitutes irreparable harm)).

1 | removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right
2 | of removal." *Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir. 1992).
3 |     When the district court does not have subject matter jurisdiction it must remand
4 | the action. 28 U.S.C. § 1447(c).
5 |     The party asserting jurisdiction, in this case defendant Rushmore, has "the burden
6 | of showing at all stages of the litigation that the case is properly before the federal court."
7 | *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Abrego v. Dow Chem. Co.*, 443
8 | F.3d 676, 683-85 (9th Cir. 2006); *Duncan v. Steutzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).
9 | "The strong presumption against removal jurisdiction means that the defendant always
10 | has the burden of establishing that removal is proper." *Gaus*, *supra*.

    2. *Complete Diversity is Required*

    Diversity jurisdiction requires complete diversity – each plaintiff must have citizenship different from all defendants. See 28 U.S.C. § 1332(a); *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981).

    3. *Diversity-Destroying Defendant(s) Named Prior to Removal*

    Both Breckenridge and Wedgewood were at all relevant times named as defendants in this action; they were named as DOES 1 and 2, respectively, merely because Dr. Parsapour was truly unaware of their identities at the time he filed his Verified Complaint. Further, his first Amendment, naming Breckenridge (who, alone, destroys diversity in this case, as discussed *supra*) was filed with the Los Angeles Superior Court *before* defendant Rushmore removed this action. Complete diversity was lacking at least in principle from the moment this case was initiated, and was expressly evident on June 11, 2018, when Dr. Parsapour filed the Amendment to his Verified Complaint naming Breckenridge as DOE 1.

    4. *Limited Liability Companies Share Citizenship with Every Member*

    "Unlike a corporation, an LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state. Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions (2011), ¶ 2:328a

(citing *JMTR Enterprises, L.L.C. v. Duchin*, 42 F.Supp.2d 87, 92–93 (D. MA 1999); *Hale v. MasterSoft Int'l Pty., Ltd.*, 93 F.Supp.2d 1108, 1112 (D. CO 2000)).

> Limited liability companies ("LLCs") are treated like partnerships rather than corporations and are deemed "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); see *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as ''a [state name] limited partnership' for purposes of diversity jurisdiction. There are only partners, each of which has one or more citizenships." *Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. See *Buschman v. Anesthesia Business Consultants LLC*, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); *Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC*, 2013 U.S. Dist. LEXIS 163256, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). If a member of an LLC is a corporation, then the state of incorporation and its principal place of business must be shown.

*Atabekyan v. NBS Default Servs., LLC*, No. CV 18-0686 FMO (JCx), 2018 U.S. Dist. LEXIS 24497, at *4-5 (C.D. Cal. Feb. 14, 2018) (parallel citations omitted). As demonstrated in the Request for Judicial Notice and exhibits thereto, Wedgewood is a California citizen for the purposes of diversity, and therefore so too is Breckenridge. Both Wedgewood and Breckenridge are named, served (ECF Nos. 13, 14), defendants in this action.

### C. This Case Should be Remanded, as the Amount in Controversy Requirement is Not Met

Dr. Parsapour's Verified Complaint does not set forth any specific amount(s) in controversy, let alone an amount exceeding $75,000. Instead, his Verified Complaint demands only damages in an amount subject to proof at trial (*Id.*, ¶¶ 38, 50), including in the prayer (*Id.*, ¶¶ (a) and (b)). Dr. Parsapour's Verified Complaint determines the amount in controversy. *St. Paul Mercury Idem. Co. v. Red Cab Co.*, 303 U.S. 283, 288

(1983) ("the sum claimed by the plaintiff controls"). Since it is not facially evident from the complaint that more than $75,000 is in controversy, the party seeking removal must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F,3d 1089, 1909 (9th Cir. 2003).

"A defendant seeking removal has the burden of proving that jurisdiction in the district court is proper. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193, 175 L. Ed. 2d 1029 (2010). This burden includes providing 'competent proof' and 'specific facts' that the amount in controversy is greater than the jurisdictional minimum. *Gafford*, 997 F.2d at 160." *Jones v. Life Ins. Co. of N. Am.*, 746 F. Supp. 2d 850, 852 (W.D. Ky. 2010), and see, e.g., *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400-406 (9th Cir. 1996) (discussing *Gafford* at length, with approval, in adopting a "preponderance of the evidence" standard for a defendant seeking to establish the amount in controversy in a diversity removal).

### D. Fees Should Be Awarded

When a case is remanded to state court, the removing defendant should pay the reasonable attorney's fees of the plaintiff associated with removal of the case: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); see also, e.g., *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). Plaintiff hereby requests that Defendant be ordered to pay reasonable attorney's fees in the amount of $2,385.00 associated with the filing of this instant application. This amount constitutes 5.3 hours of Mr. Harshman's time spent researching, drafting, and revising the instant application, at the reasonable rate[5] of $450.00/hour.

---

[5] An amount expressly found reasonable within the context of the Los Angeles legal community, as reflected in, e.g., the August 14, 2017 Minute Order (a true and correct copy of which is attached hereto as Exhibit G) awarding attorneys' fees in Aronson v. Duncan, Los Angeles Superior Court case no. SC127100: "Mr. Harshman's hourly rate of $450 is consistent with community standards and his level

E. **Alternately, the Court should Set a Hearing Date on the Order to Show Cause Why a Preliminary Injunction Should Not Issue**

"The federal court . . . treats everything that occurred in the state court as if it had taken place in federal court." *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979) (quoting *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963)). "Consequently, an order entered by a state court 'should be treated as though it had been validly rendered in the federal proceeding.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (quoting *Butner*, 324 F.2d at 786). Here, Judge Broadbelt issued a TRO and an order to show cause why a preliminary injunction should not issue. The parties stipulated, and Judge Broadbelt ordered, the TRO to be extended and continued the date of the hearing on the OSC. Before the Los Angeles Superior Court could hold the hearing on the OSC, however, Rushmore removed this action to this Court – which should now, if this case is not remanded, set a date for the hearing on that OSC pursuant to the orders entered by the Los Angeles Superior Court and remaining in effect post-removal.

III. **COUNSEL FOR OPPOSING PARTY**

Counsel for defendant Rushmore, the only defendant that has yet appeared in this action, is Marvin B. Adviento, Wright Finlay & Zak, 4665 MacArthur Court, Suite 200, Newport Beach, CA 92660, (949) 610-7021 (direct), (949) 477-5050 ext. 1021 (main), (949) 608-9142 (fax), madviento@wrightlegal.net.

IV. **NOTICE**

Counsel for Rushmore was provided notice as set forth in Section I(F), above.

---

of skill, advocacy and knowledge." This is in line with attorneys' fees awards from this court, which found my previous rate of $400/hr to be reasonable, including, e.g., in United States District Judge Stephen V. Wilson's July 2, 2013 ruling on motions for sanctions and attorney fees in *Sexy Hair Concepts LLC v. Pretty Sexy Hair Company et al*, Central District of California case no. CV12-07295-SVW (MRWx) (ECF No. 27, p. 4)), and United States Magistrate Judge Frederick F. Mumm's October 27, 2014 Order in *Bonvivino Capital, LLC v. Clendenen et al*, C.D. Cal. case no. CV12- 08185-ODW (FFMx) (ECF No. 184)).

## V. CONCLUSION

Defendants Wedgewood and Breckenridge are limited liability companies that are citizens of the State of California for diversity purposes. They have been properly named and served in this action. Their presence as defendants deprives this Court of diversity jurisdiction, as complete diversity does not exist as between Dr. Parsapour, a citizen of California, and the defendants. The Court must, accordingly, remand this case to the Los Angeles Superior Court, and should do so on an expedited basis – either *ex parte* or on shortened time, due to the time constraints Dr. Parsapour faces in this and related litigation, which, if not addressed swiftly, is likely to cause him the irreparable harm of the loss of his real property.

Respectfully submitted,

DAVID M. SHABY II & ASSOCIATES

Date: June 21, 2018     By: /s/ R. Christopher Harshman
                        R. Christopher Harshman, Esq.
                        Attorneys for Plaintiff Kourosh Parsapour

## VERIFICATION

I, the undersigned attorney, prepared the foregoing Verified Ex Parte Application for an Order Remanding this Action or Shortening Time. The matters stated herein above are true of my own knowledge. I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of June, 2018, in Culver City, California.

Date: June 21, 2018     /s/ R. Christopher Harshman
                        R. Christopher Harshman, Esq.

10

EX PARTE APPLICATION FOR AN ORDER REMANDING TO SUPERIOR COURT

# TABLE OF CONTENTS

[insert]

# TABLE OF AUTHORITIES

[insert]

# Memorandum

[start typing…]

                    Respectfully submitted,

                    DAVID M. SHABY II & ASSOCIATES

Date: June 21, 2018      By: /s/ R. Christopher Harshman
                                    R. Christopher Harshman, Esq.
                                    Attorneys for

## DECLARATION

I, R. Christopher Harshman, declare as follows:

4. I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California, and an attorney of record for Plaintiff Kourosh Parsapour in this action. I have personal knowledge of the following facts except to those stated on information and belief, and as to those facts, I believe them to be true. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of May, 2016, in Culver City, California.

/s/ R. Christopher Harshman
R. Christopher Harshman, Esq.

## **PROOF OF SERVICE**

On June 21, 2018 (the "Service Date"), I served [an original]or[a true and correct copy] of the foregoing _____ (the "Document") upon the parties set forth below, or on the attached service list (the "Recipient(s)") by:

**Personal Service**, in that I caused such envelope to be delivered by hand to the offices of the addressee.

**Mail**, when I deposited the Document, in a sealed envelope, with postage thereon fully paid, addressed to the Recipient(s) as set forth below, in a post office, mailbox, or other like facility regularly maintained by the United States Postal Service, in Culver City, California, on the Service Date.

**Mail**, in accordance with the business' practice (with which I am readily familiar), when I placed the Document for collection and processing for mailing with the USPS, in an envelope addressed to the Recipient(s) as set forth below that was sealed and placed for collection and mailing on the Service Date at my business address, set forth below. Pursuant to our ordinary business practices, the Document will be deposited with the USPS that same day in the ordinary course of business.

**Express mail**, when I deposited the Document, in a sealed envelope with Express Mail postage paid, addressed to the Recipient(s) as set forth below, in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service ("USPS") for receipt of Express Mail, in Culver City, California, on the Service Date.

**FedEx** (an "Express Service Carrier" and a means reasonably calculated to ensure delivery to the Recipient(s) not later than the close of the next business day), when I deposited the Document, in an envelope or package designated by the Express Service Carrier with delivery fees paid or provided for, addressed to the Recipient(s) as set forth below, in a box or other facility regularly maintained by the Express Service Carrier, or delivered to an authorized courier or driver authorized by the Express Service Carrier to receive documents, in Culver City, California, on the Service Date.

**Facsimile Transmission** ("fax") of the Document, pursuant to written agreement, that I made to a fax machine maintained by the Recipient(s) at the fax machine telephone number(s) shown below, being the fax number(s) last given by the Recipient(s). The fax transmission was made on the Service Date, at \_\_\_\_\_ from sending fax machine telephone number (310) 822-8529. This fax transmission was reported as complete and without error; a copy of the transmission report is attached hereto and I hereby declare that the transmission report was properly issued by the sending fax machine.

**Electronic Notification**, when I filed the Document via the Court's CM/ECF system, pursuant to C.D. Cal. L.R. 5-3.3, N.D. Cal. Civil L.R. 5.5(b), or an equivalent local rule of this Court. [Federal]

**Electronic Notification**, via an electronic filing service provider which sent, an electronic message to the electronic address(es) at or through which the Recipient(s) authorized electronic service, specifying the exact name of the document served, and

3
TITLE

| | |
|---|---|
| 1 | providing a hyperlink at which the served document may be viewed and downloaded. [State] |
| 2 | **Electronic Transmission** via electronic mail ("email"), pursuant to [a written agreement][the rules of this Court], when I transmitted an electronic copy of the Document, from my@email.com (my electronic service address) to the electronic service address(es) at or through which the Recipient(s) authorized electronic service, on the Service Date, at 4:20 p.m. |
| 3 | |
| 4 | |
| 5 | |
| 6 | Service of the Document was made on each party (or, for a represented party, the attorney(s) representing that party) set forth here: |
| 7 | |
| 8 | Marvin B. Adviento, Esq.<br>Wright Finlay Zak<br>4665 MacArthur Court, Suite 200<br>Newport Beach, CA 92660<br>Fax (949) 608-9142<br>madviento@wrightlegal.net |
| 9 | |
| 10 | |
| 11 | |
| 12 | I hereby certify that: I am over the age of 18 years; not a party to, nor interested in, this matter; that I am |
| 13 | |
| 14 | employed in Los Angeles County, State of California; [1] |
| 15 | a resident of Los Angeles County, State of California; [2] |
| 16 | an active member of the State Bar of California; [3] |
| 17 | and that my business address is 11949 Jefferson Boulevard, Suite 104, Culver City, California 90230. |
| 18 | |
| 19 | I hereby certify that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. [Federal 1] |
| 20 | |
| 21 | I hereby certify that I am employed in the office of an attorney admitted *pro hac vice* before the Bar of this Court, at whose direction the service was made. [Federal 2] |
| 22 | |
| 23 | I hereby certify that I am a member of the Bar of the United States District Court for the Central District of California. [Federal 3] |
| 24 | |
| 25 | I hereby certify that I am admitted *pro hac vice* before the United States District Court for the Central District of California. [Federal 4] |
| 26 | |
| 27 | |
| 28 | |

1     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This Declaration constitutes Proof of Service of the Document. [State]

4     I declare under penalty of perjury that the foregoing is true and correct. This Declaration constitutes Proof of Service of the Document. [Federal (within U.S.)]

6     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration constitutes Proof of Service of the Document. [Federal (without U.S.; 28 U.S.C. § 1746.)]

9     Executed on June 21, 2018 at Culver City, California.

                                                    R. Christopher Harshman