UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Priority | |
|---|---|
| Send | |
| Enter | |
| Closed | |
| JS-5/JS-6 | |
| Scan Only | |

CASE NO.: **CV 18-05161-SJO-GJS**          DATE: **June 26, 2018**

TITLE: **Parsapour v. Rushmore Loan Management Services, LLC**

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                               Not Present
Courtroom Clerk                                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**            **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                    Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S EX PARTE REMANDING THIS ACTION; SHORTENING TIME; OR SETTING A HEARING ON AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** [Docket No. 15]

This matter is before the Court on Plaintiff Kourosh Parsapour's ("Parsapour" or "Plaintiff") Ex Parte Application for an order remanding this action, shortening time, or setting a hearing on the pending order to show cause ("Application"), filed June 21, 2018. Defendants Rushmore Loan Management Services, LLC ("Rushmore"), Breckenridge Property Fund 2016, LLC ("Breckenridge"), and Wedgewood, LLC ("Wedgewood") (collectively, "Defendants") have not opposed the Application. For the following reasons, the Court **GRANTS** Plaintiff's Application.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2018, Plaintiff initiated the instant action for wrongful foreclosure in the Superior Court for the State of California, County of Los Angeles against Defendant Rushmore and "[a]ll persons unknown, claiming any legal or equitable right, title, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title to that property; and DOES 1 through 20, inclusive."[1] (Notice of Removal ("Notice"), Ex. A, Compl. ("Complaint"), ECF No. 1-1.) That same day, Plaintiff applied *ex parte* for a temporary restraining order blocking recordation of a trustee's deed upon sale, which was granted by the Superior Court for the State of California, County of Los Angeles. (Appl., Ex. A, ECF No. 15.) The Superior Court set a order to show cause hearing why a preliminary injunction should not issue for May 30, 2018. (Appl. 2, Ex. B.) The parties stipulated to extend the date of the hearing to June 29, 2018, which was adopted by the Court. (Appl. 2.)

On or about May 9, 2018, Breckenridge brought an unlawful detainer action against Plaintiff in the Superior Court for the State of California, County of Los Angeles (the "UD Action"). (Appl. 3.)

---

[1] The State Court case is captioned *Parsapour v. Rushmore Loan Management Services, LLC et al*, Docket No. YC072875 (the "Removed Case").

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  ____
Send      ____
Enter     ____
Closed    ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: **CV 18-05161-SJO-GJS**          DATE: **June 26, 2018**

Through the filing of the UD Action, Plaintiff was made aware that Breckenridge was the entity that purchased his property at the allegedly unlawful foreclosure auction, and, after further investigation, Plaintiff was made aware of Defendant Wedgewood, which is the only member and manager of Breckenridge. (Appl. 3.)

On June 6, 2018, Rushmore's attorney, Marvin Adviento ("Adviento"), emailed Plaintiff's attorneys, Christopher Harshman ("Harshman") and David Shaby ("Shaby"), informing them that the property was sold to a third party that "should have been included in the lawsuit in order to have them enjoined from recording it." (Appl., Ex. D.) Plaintiff subsequently filed two amendments to the Complaint, substituting Defendants Breckenridge and Wedgewood for Does 1 and 2, respectively, on June 11, 2018 and June 12, 2018, respectively, in the Superior Court of the State of California. (RJN, Exs. 1-2, ECF No. 7.) On June 11, 2018, Defendant Rushmore removed the case to the Central District Court of California on the basis of diversity jurisdiction. (Not. 2.) Rushmore attached the original Complaint to his Notice and did not address Plaintiff's amendments, substituting Defendants Breckenridge and Wedgewood for Does 1 and 2, respectively.

On June 21, 2018, Plaintiff filed the instant Application. (*See* Appl., ECF No. 15.)

II.   Discussion

Plaintiff requests that the Court: (1) remand this action to Superior Court and if granted, award fees in the amount of $2,385.00; (2) shorten the time in which a motion to remand may be brought and treat the instant Application as the moving papers for such a motion; or (3) set a hearing date on the pending order to show cause. (Appl. 1.)

    A.   Legal Standards

        1.   Legal Standard for *Ex Parte* Applications

The initial standing order of this Court clearly states that "[e]x parte applications are solely for extraordinary relief and are discouraged." (Standing Order, R. 30.) In an ex parte application, the moving party must show why it "should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Such applications are "inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system." *Id.* at 490.

> Ex parte applications through the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant "ahead of the pack," without cause or justification. Ex parte applications are not intended to

JS-6                    UNITED STATES DISTRICT COURT           Priority      ____
                        CENTRAL DISTRICT OF CALIFORNIA          Send         ____
                                                                Enter        ____
                                                                Closed       ____
                             CIVIL MINUTES - GENERAL            JS-5/JS-6    ____
                                                                Scan Only    ____

CASE NO.:  CV 18-05161-SJO-GJS          DATE: June 26, 2018

save the day for parties who have failed to present requests when they should have, and should not be used as a way to "cut in line" ahead of those litigants awaiting determination of their properly noticed and timely filed motions.

*In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal 1989).  *Ex parte* relief is therefore only justifiable in limited cases where the movant has shown two things:

> First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.

*Mission Power Eng'g Co.*, 883 F. Supp at 492.

      2.      <u>Legal Standard for Remand</u>

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires "complete diversity" of citizenship.  *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990).  Moreover, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a); *Gaus v. Miles, Inc.*, 980 F.2d, 564, 566 (9th Cir. 1992).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  If the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted). Where there is doubt, the case should be remanded to state court. *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted).

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 18-05161-SJO-GJS **DATE:** June 26, 2018

B. Request for Judicial Notice

Pursuant to Federal Rule of Evidence 201, the Court "must take judicial notice if a party requests it" of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)-(c).

Plaintiff filed a Request for Judicial Notice in which he asks the Court to take judicial notice of six documents. (*See* Req. for Judicial Notice ("RJN"), ECF No. 7.) Specifically, Plaintiff asks the Court to consider:

(1) Plaintiff's conformed June 11, 2018 Amendment to Complaint in the Removed Case, removed to this Court as the instant action, amending his Complaint to substitute Breckenridge Property Fund 2016, LLC, a Delaware limited liability company (California Secretary of State Entity ID 201614610001) in place of DOE 1;
(2) Plaintiff's June 12, 2018 Amendment to Complaint in the Removed Case, amending his Complaint to substitute Wedgewood, LLC (California Secretary of State Entity ID 201532010177) in place of DOE 2;
(3) The Application to Register a Foreign Limited Liability Company submitted to the California Secretary of State on behalf of Breckenridge;
(4) The May 26, 2016 Statement of Information submitted to the California Secretary of State on behalf of Breckenridge;
(5) The November 10, 2015 Application to Register a Foreign Limited Liability Company submitted to the California Secretary of State on behalf of Wedgewood; and
(6) The May 31, 2016 Statement of Information submitted to the California Secretary of State on behalf of Wedgewood.

(RJN 2-3.)

Defendants did not object to Plaintiff's RJN. The Court takes judicial notice of Exhibits A and B, which, as public filings in the Los Angeles Superior Court, are the proper subjects of judicial notice. The Court also takes judicial notices of the documents attached as Exhibits C-F of the RJN, as those documents were obtained from the California Secretary of State's website and are thus properly subject to judicial notice. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015). The RJN is therefore **GRANTED**.

C. Analysis

Plaintiff alleges he will be prejudiced if his Application is heard according to regular notice motion procedures, because the order to show cause regarding the preliminary injunction enjoining the foreclosure sale was pending at the time of removal. (Appl. 5.) Further, the Superior Court stayed

CASE NO.: <u>CV 18-05161-SJO-GJS</u>   DATE: <u>June 26, 2018</u>

the UD Action pending the outcome of the June 29, 2018 order to show cause hearing on the preliminary injunction. (Appl. 5.) Wrongful foreclosure of one's home constitutes irreparable prejudice. Plaintiff, however, does not seek injunctive relief in his *ex parte* application. Instead, he seeks an order remanding the case to state court so he can then pursue injunctive relief in his preferred forum. The Court may grant the *ex parte* application to remand the case if jurisdiction is lacking. *See Federal Nat. Mortg. Ass'n v. Bravo*, No. CV 12–10375–CAS–(Ex), 2013 WL 210198, *1 (C.D.Cal. Jan. 17, 2013) (granting plaintiff's *ex parte* application to remand to state court because the court lacked subject matter jurisdiction); *U.S. Bank Nat. Ass'n v. Gutierrez Hernandez*, No. SACV 10–01508–CJC(MLGx), 2010 WL 4054451, *2 (C.D.Cal. Oct. 14, 2010) (same).

Plaintiff argues that removal was improper because there is not complete diversity between the parties, and the amount in controversy requirement under 28 U.S.C. § 1332(a) was not met. (Appl. 5-8.) Plaintiff is a citizen of California. (Not. ¶ 1.) Defendant Breckenridge is a limited liability company whose only member and/or manager is Wedgewood.[2] (RJN, Ex. D.) Defendant Wedgewood is a limited liability company organized in Delaware, whose only members are individuals who are citizens of California. (RJN, Ex. F.) For the purpose of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, both Plaintiff and Defendants Wedgewood and Breckenridge are citizens of California, and complete diversity of citizenship does not exist.

In light of the irreparable prejudice Plaintiff may face if the motion is heard according to regular noticed motion procedures, the Court **GRANTS** Plaintiff's *Ex Parte* Application, remanding this action to the Superior Court of California, Los Angeles County.

III.     RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff's Application and **REMANDS** this action to the Superior Court of California, Los Angeles County. This action shall close.

IT IS SO ORDERED.

---

[2] As the entity that purchased Plaintiff's property at the allegedly unlawful foreclosure auction, and that entity's only member/manager, both Breckenridge and Wedgewood are properly joined as parties to this action.